## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

April 28, 1922.

## THE PEOPLE v. BERTHA SHKILKY.

(201 App. Div. 55.)

ALTERING OR CONVERTING HOUSE INTO TENEMENT HOUSE IN VIOLATION OF TENEMENT HOUSE LAW, §§ 120–122—HOUSE CONTAINING BUT ONE KITCHEN AND USED PRINCIPALLY FOR BOARDERS NOT CONVERTED INTO TENEMENT HOUSE BY RENTING ROOMS TO FAMILIES WHO COOK IN COMMON KITCHEN—SINGLE FURNISHED ROOMS ARE NOT ''HOMES'' OR ''RESIDENCES'' WITHIN MEANING OF STATUTE.

A violation of sections 120–122 of the Tenement ·House Law, which contains a prohibition against occupying a building constructed as a tenement house or altered or converted into one without a certificate of compliance with the law, is not shown, where it appears that the building in question was not arranged or designed as a tenement house, nor was it by physical changes altered or converted into one, but that it was used principally as a boarding house, and that the alleged violation of the statute consisted in renting furnished rooms, in which there were no cooking conveniences, to families who did their cooking in a common kitchen, for a building is not a tenement house, as defined by subdivision 1 of section 2 of the Tenement House Law, unless the occupants live independently of each other, and it cannot be said that occupants of a house

who do their cooking in a common kitchen live independently of each other.

Single rooms in a boarding house at a summer resort, occupied for a few days or weeks, are not "homes" or "residences" as those words are used in the Tenement House Law.

APPEAL by the defendant, Bertha Shkilky, from a judgment of the Municipal Term of the Court of Special Sessions of the City of New York, Part 2, Borough of Brooklyn, rendered on the 20th day of November, 1919, convicting her of having violated sections 120-122 of the Tenement House Law.

*Jacob Bernstein,* for the appellant.

*Michael J. Kelly (John P. O'Brien, Corporation Counsel, John F. O'Brien,* and *Joseph I. Berry* with him on the brief), for the respondent.

BLACKMAR, P. J.:

The building alleged to be a tenement house is situated at Sea Gate, Coney Island. It consists of fourteen rooms. Five of the rooms, including a kitchen on the first floor and a bedroom on the second, were occupied by the defendant. Another bedroom on the second floor was occupied by a Mrs. Goslin and one child, and there is evidence that Mrs. Goslin did her cooking in defendant's kitchen, which was furnished with a gas stove. Three sisters, Rosenhaus by name, had a bedroom on the third floor. They lived at No. 197 Madison street, Manhattan, and came down to defendant's house for week-ends and in evenings, remaining over-night, in very hot weather. There is evidence that they too used the cook stove in defendant's kitchen, as did also a Mrs. Quashman, who, with her husband and child, had a bedroom on the first floor. The remaining rooms were occupied by " boarders "—presumably by people who paid a lump sum for board and lodging as distinguished from those already mentioned, who occupied furnished bed-

31

rooms and had the run of defendant's kitchen. Upon this state of facts the defendant was found guilty of having altered and converted the house into a tenement house without filing the requisite papers and securing the requisite permit.

The prohibition in sections 120,* 121 and 122 of the Tenement House Law† is directed against occupying without a certificate of compliance with the law, a building constructed as a tenement house or altered or converted into one. The building in question was not arranged or designed as a tenement house, nor was it by physical changes altered or converted into one. The question is the narrow one, whether it was by the uses described converted into a tenement house.

By section 2, subdivision 1, of the Tenement House Law,‡ a " tenement house " is defined as follows: " A ' tenement house ' is any house or building, or portion thereof, which is either rented, leased, let or hired out, to be occupied, or is occupied, in whole or in part, as the home or residence of three families or more living independently of each other, and doing their cooking upon the premises, and includes apartment houses, flat houses and all other houses so occupied." The building was a " boarding house." There was but one kitchen, that of the landlady. Besides the landlady, three of the families rented rooms for a longer or shorter time and did their cooking at the landlady's fire. There was no cooking in the separate rooms nor any conveniences or appliances therefor. A building is not a " tenement house " within the statutory definition unless the occupants live independently of each other. Persons may be said to live in premises when they maintain their family life there. This includes cooking as well as sleeping, and I think they cannot be said to live independently unless they cook in their own apartments as distinguished from a kitchen used in

---

* Section 120 was materially amended by chapter 766 of the Laws of 1920 so far as it affects the city of Buffalo.—[REP.

† Amd. by Laws of 1916, chap. 319, and Laws of 1909, chap. 354.—[REP.

‡ Amd. by Laws of 1912, chap. 13, and Laws of 1917, chap. 806.—[REP.

common. The word " premises," as used in the act, means the premises, rooms or apartments in which the family lives. It does not change into a tenement house a building conducted as a boarding house because three families living in rented rooms do their cooking in a common kitchen.

This construction of the statute is in accord with the spirit of the decisions of the Appellate Division of the First Department and of the Court of Appeals in Grimmer v. Tenement House Department (134 App. Div. 896, 204 N. Y. 370).

One reason why the Legislature added to the definition " doing their cooking upon the premises " would appear to be because a number of fires maintained for cooking purposes in different parts of a building would increase the fire risk, which certain provisions of the Tenement House Law are intended to reduce.

Neither do I think that single furnished rooms in the boarding house in question, occupied as they are for a few days or weeks at a summer resort, are " homes " or " residences " as these words are used in the statute.

The judgment of conviction by the Court of Special Sessions should be reversed on the law and facts, and the defendant discharged.

RICH, KELLY, MANNING, and KELLY, JJ., concur.

Judgment of conviction by the Court of Special Sessions reversed on the law and facts, and defendant discharged.